IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25CR318 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIAN MBA, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

The United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, offer the following Sentencing Memorandum in the above captioned case against the defendant, CHRISTIAN MBA (hereinafter "Defendant").

**I. Facts**

A. Offense Conduct

The offense conduct listed in the Defendant's Pre-Sentence Report is consistent with the statement of facts in the plea agreement and the Indictment.  The Defendant has, to the satisfaction of the United States Attorney's Office, provided a statement of acceptance of responsibility.

The defense has objected to the inclusion of loss figures from some schemes involving co-conspirators, and the government, for the reasons discussed below, believes that while the Pre-Sentence Report provides a full recitation of the entire picture of fraud schemes involving the Defendant and other co-conspirators, the plea agreement contains a more narrowly-tailored loss figure that represents his specific role within the group.

B. Restitution and Victim Impact

**Victim Impact:**  The government has been in contact with victims identified in this investigation.  To date, the victims who are not government entities have not submitted impact statements.

**Restitution and Fine:**  The government understands restitution is mandatory and requests an order of restitution, entered as joint and severable with any other co-conspirators, in the amount of $832,877.13, as contained in the PSR.

## II.  Guideline Calculations

The government set forth the calculation below, it agrees with counsel for the Defense that because the Indictment charged multiple acts which were part of an ongoing scheme, an increase for grouping should not apply.

| Conspiracy to Commit Wire and Bank Fraud, 18 USC § 1349 | | |
|---|---|---|
| Base offense level | 7 | § 2B1.1(a)(1) |
| Loss: 250,000 to 550,000 | 12 | § 2B1.1(b)(k) |
| 10 or more victims | 2 | § 2B1.1(b)(2)(A)(i) |
| Sophisticated means | 2 | § 2B1.1(b)(10) |
| Possession/use of authentication feature | 2 | § 2B1.1(b)(11) |
| Zero Offender | -2 | § 4C1.1 |
| **Subtotal** | **23** | |

| Conspiracy to Commit Identity Theft, 18 USC§ 1028(a)(2)(5)(7) and (h) | | |
|---|---|---|
| Base offense level | 6 | § 2B1.1(a)(2) |
| Loss: 250,000 to 550,000 | 12 | § 2B1.1(b)(k) |
| 10 or more victims | 2 | § 2B1.1(b)(2)(A)(i) |
| Sophisticated means | 2 | § 2B1.1(b)(10) |
| Possession/use of authentication feature | 2 | § 2B1.1(b)(11) |
| Zero Offender | -2 | § 4C1.1 |
| **Total Offense Level before Acceptance of Responsibility** | | **23** |

Mr. Mba has fully accepted responsibility and is entitled to an additional three-level reduction, making his advisory Guideline calculation through Chapter 3, a 20.

### III.  Other sentencing considerations

The government reserves the opportunity to discuss certain considerations in this case with the Court at time of sentencing to offer additional context of Mr. Mba's culpability and knowledge of the actions of his co-conspirators.

Mr. Mba was part of a larger identity theft ring that used stolen server space to send out falsified and fictious invoices to unsuspecting victims.  Once the victims received an invoice, they were directed to pay using a different bank account than previously used by the vendor. These accounts were controlled by Mr. Mba, or other members of the conspiracy, and Mr. Mba, in turn, would transfer those illicitly obtained funds through a series of bank transfers and withdrawals into accounts held by the group's leaders in domestic and foreign banks.

Mr. Mba appears to have had minimal direct contact with the compromised servers, he does not appear to have the necessary expertise or technical skill to perform the more advanced abilities to generate the fictitious invoices; however, what he lacked in technical knowledge, he made up for in willingness to receive and move money on behalf of the criminal scheme.  Mr. Mba was conversant in the techniques to move money, open and maintain accounts using fictitious names and business entities, and was able to act with an appropriate degree of sophistication to structure transactions in a manner that evaded detection for a period of time. Mr. Mba also was willing to attempt different types of computer-facilitated fraud schemes, most unsuccessfully.  Regardless of outcome, the investigation into Mr. Mba's actions suggested he was more comfortable attempting to make money from the proceeds of fraud schemes than to earn an income from gainful employment.

Financial crimes involving the theft of identities from unsuspecting victims is an increasingly common scheme and one that inflicts an increasingly greater impact when

3

aggregated across of all society.  In the instant case, it appears that the Defendant has, over time, viewed such offenses as a convenient way to get cash, but has begun to turn a corner in his life in the right direction.  He must answer for this behavior, and is bound to accept the consequences. The government believes a sentence toward the low end of his range of Criminal History I, Level 18, 27-33 months, specifically, 27 months would be sufficient, but not greater than necessary to serve the purposes of punishment.  The government would ask this Court to give him credit for his time served.

**IV. Conclusion**

The government recommends that a sentence within the Guideline range of 27 months would be sufficient, but not greater than necessary to meet the objectives of punishment.  This sentence will send a message that identity theft-based frauds will not be tolerated and disruption to the victim's life, livelihood and sense of security will be pursued.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:  /s/ Duncan T. Brown
Duncan T. Brown (NY: 3982931)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3933
(216) 522-8355 (facsimile)
Duncan.Brown@usdoj.gov

4